UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 2:24-CV-66-JRG-CRW |
| | ) | |
| HAROLD VERNON SMITH | ) | |

**MEMORANDUM OPINION**

This matter is before the Court on Petitioner Harold Vernon Smith's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct a Sentence by a Person in Federal Custody [Doc. 1]. The Court has determined that the files and records in the case conclusively establish that Mr. Smith is not entitled to relief under § 2255 and, therefore, no evidentiary hearing is necessary. For the reasons herein, the Court will deny Mr. Smith's motion.

## I. BACKGROUND

Mr. Smith was originally indicted in January 2019 on two charges of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) and 18 U.S.C. § 924(e) [Indictment, Doc. 1, 1-2]. Later, in November 2020, a second superseding indictment was filed, charging Mr. Smith with the same [Second Superseding Indictment, Doc. 109, 1-2]. Mr. Smith proceeded to trial on March 31, 2021, where a jury found him guilty on both counts of the indictment [Jury Verdict, Doc. 143, 1-2]. On August 23, 2021, Mr. Smith was sentenced to a total of 235 months' imprisonment and a 3-year term of supervised release [Judgment, Doc. 166, 2-3].

A notice of appeal was filed shortly thereafter on August 26, 2021 [Notice of Appeal, Doc. 168]. In his appeal, he challenged the Court's decision to allow evidence of his eleven prior felony convictions to be presented and alleged that a previous conviction for assault with a deadly weapon

with intent to kill and inflicting serious injury should not have qualified as a predicate offense under the Armed Career Criminal Act (ACCA) [Order of USCA, Doc. 179, at 3]. The Sixth Circuit disagreed with these arguments and affirmed the Court's ruling [*Id*. at 10].

Mr. Smith then filed the instant motion. After careful review of Mr. Smith's motion [Doc. 1] and the United States's amended response [Doc. 9], the Court is prepared to rule on the motion.

## II.     STANDARD OF REVIEW

Under § 2255, "a prisoner in custody under sentence of a federal court claiming the right to be released … may move the court which imposed the sentence to vacate, set aside, or correct the sentence." 28 U.S.C. § 2255(a). A court must vacate and set aside a sentence if it concludes that the "judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack." Id. § 2255(b). The legal standard that governs collateral review under § 2255 as opposed to direct review on appeal is significantly higher. *United States v. Frady*, 456 U.S. 152, 162–66 (1982); see *Hampton v. United States*, 191 F.3d 695, 698 (6th Cir. 1999).

A prisoner seeking relief under 28 U.S.C. § 2255 must show as a basis for relief: (1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid. *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006). To obtain relief for a denial or infringement of a constitutional right, a petitioner must establish an "error of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings". *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) (citing *Brecht v. Abrahamson*, 507 U.S. 619, 637–38 (1993)). To obtain

relief for a non-constitutional claim, a petitioner must establish that a fundamental defect in the proceeding resulted in a complete miscarriage of justice or an egregious error that deprived him of the "rudimentary demands of fair procedure". *Reed v. Farley*, 512 U.S. 339, 354 (1994).

A petitioner has the burden of proving that "an error has occurred that is sufficiently fundamental to come within" one of the three "narrow limits" for § 2255 relief. *United States v. Addonizio*, 442 U.S. 178, 185 (1979); see *Pough*, 442 F.3d at 964. Conclusory allegations alone, without supporting factual averments, are generally insufficient to demonstrate a valid claim under § 2255. *Jefferson v. United States*, 730 F.3d 537, 547 (6th Cir. 2013).

## III. ANALYSIS

In his motion, Mr. Smith alleges several grounds for relief. First, he alleges four instances of ineffective assistance of counsel, including that counsel failed to get him to trial within 180 days, that counsel failed to investigate defendant's claim that his signature on his waiver of arraignment form was forged, that counsel "waited 9 months after sentencing to file an appeal", and that counsel did not ask for a Writ of Certiorari from the Supreme Court after defendant requested that he do so. Second, Mr. Smith alleges two instances of prosecutorial misconduct. He argues that AUSA Todd Martin committed misconduct by incorrectly stating at sentencing that witnesses had identified Mr. Smith as the assailant in a hit and run, and that Mr. Martin disclosed a recording to Mr. Smith's attorneys in which Mr. Smith was "speaking ill" of his attorneys. Lastly, Mr. Smith argues that the Supreme Court's decision in *New York State Rifle & Pistol Ass'n, Inc., v. Bruen* renders 18 U.S.C. § 922(g)(1) and 924(a) & (e), and therefore his conviction under them, unconstitutional. *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1, 13 (2022).

### A. Ineffective Assistance of Counsel

The Sixth Amendment states that "in all criminal prosecutions, the accused shall enjoy the right… to have the Assistance of Counsel for his defence." This right is not merely to representation, but to *effective* representation. *McMann v. Richardson*, 397 U.S. 759, 771 (1970). When a petitioner contests his sentence by raising the specter of ineffective assistance of counsel, he normally can succeed only by satisfying the familiar *Strickland* test, a two-pronged test that requires a showing of deficient performance and prejudice. *Strickland v. Washington*, 466 U.S. 668, 694 (1984).

To obtain relief based upon a claim of ineffective assistance of counsel, the defendant must show that counsel's performance was deficient. This requires a showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed by the Sixth Amendment. *Id*. Second, the defendant must show that the deficient performance prejudiced the defense. This requires a showing that counsel's errors were so serious as to deprive the defendant of a fair trial. *Id*. In other words, there must be a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id*. at 694. A court has a license to address the two prongs of the bipartite test in any order, and if a petitioner fails to establish either prong of this test, his claim of ineffective assistance of counsel fails. *Id*. at 697.

A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. *Id*. at 673. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action "might be considered sound trial strategy." *Id*.

"Surmounting Strickland's high bar is never an easy task." *Padilla v. Kentucky*, 559 U.S. 356, 371 (2010). In fact, "counsel's performance is strongly presumed to be effective." *Jones v. Bell*, 801 F.3d 556, 562 (6th Cir. 2005). Even if a particular aspect of counsel's performance proves to be deficient, that deficiency "does not warrant setting aside the judgment of a criminal proceeding" unless it has a prejudicial effect on the judgment. *Strickland v. Washington*, 466 U.S. 668, 691 (1984).

1. *Ineffective Assistance – the Appeal*

The issue of whether Mr. Smith's counsel, Mr. Eric Reach, was deficient for "waiting 9 months to file an appeal" is straightforward and does not require an analysis under *Strickland*. According to the Federal Rules of Appellate Procedure, Rule 4(b)(1)(A), "a defendant's notice of appeal must be filed in the district court within 14 days after the later of: (i) the entry of either the judgment or the order being appealed…" Mr. Smith's sentencing hearing was conducted on August 23, 2021, and the judgment against him was entered on August 26, 2021 [Minute Entry, Doc. 165 and Judgment, Doc. 166]. Counsel filed a notice of appeal on August 26, 2021 – the same day the judgment was entered. Counsel was well within the parameters of the deadline of 14 days from the entry of a judgment when he filed the notice of appeal.

Counsel fully complied with the Federal Rules of Appellate Procedure and successfully perfected an appeal on Mr. Smith's behalf. Therefore, Mr. Smith has not shown that counsel was deficient under *Strickland*, this claim of ineffective assistance of counsel fails as a result, and he is not entitled to § 2255 relief on this claim.

2. *Ineffective Assistance – Speedy Trial*

The next allegation Mr. Smith brings in support of his claim of ineffective assistance of counsel is that "counsel failed to get defendant to trial within 180 days." [Def. Mot., Doc. 1, at 4.] Specifically, Mr. Smith states that his first attorney, Mr. Tim Moore, "continued to ask for

continuances against defendant's objection, therefore denying defendant of a fast and speedy trial." [*Id.*] The Court construes this allegation as a violation of the Speedy Trial Act.

As an initial matter, sentencing challenges that are not made on direct appeal are typically waived and cannot be asserted for the first time in a § 2255 motion. *Weinberger v. United States*, 268 F.3d 346, 351 (6th Cir. 2001). However, a petitioner may still obtain review of his sentence if "forfeiture of the claim resulted from ineffective assistance of counsel." *Id*.

Here, Mr. Smith had the opportunity to raise this issue on appeal. He attempts to excuse this default by simply stating that his attorney did not speak with him before filing an appeal. Mr. Smith offers no evidence of such, and this claim is not meritorious. There are several decisions throughout the representation of a criminal defendant that are ultimately up to the defendant, not counsel, to make. Appeals fall under this umbrella. *See Garza v. Idaho*, 586 U.S. 232, 139 S.Ct. 738, 203 L.Ed.2d 77 (2019) (stating "the bare decision whether to appeal is ultimately the defendant's, not counsel's, to make.)" Because the decision to appeal is the defendant's to make, it is necessary for counsel to speak with defendant prior to filing an appeal. Mr. Smith raised two issues on appeal that he has not alleged his attorney to have brought without speaking with him, and it is difficult for the Court to conclude that these issues, and the decision to appeal, were not discussed with Mr. Smith beforehand. Therefore, Mr. Smith could have discussed his speedy trial concerns with his attorney and brought them on appeal. As a result, his speedy trial concerns are procedurally defaulted and cannot be brought in a § 2255 petition.

Further, Speedy Trial objections must be raised by pretrial motion if the basis for the motion is reasonably available. Fed. R. Crim. P. 12(3)(A)(iii). Otherwise, the defense is waived. *Id*. No such motion was made here, but Mr. Smith wrote a pro se letter to the Court on February 14, 2020 that he may argue constitutes such a motion. In his letter, sent without consulting with counsel, he stated that he had not spoken with counsel about the motions for continuance that were filed, and that his attorney then resigned from his position with the Federal Defenders Service of East

Tennessee. [Letter, Doc. 52, at 1]. He further states "I have wanted to go to trial for the past 7 months." [*Id.*] Lastly, he requested that if he needed to wait until the new trial date in July 2020, he be transferred to the Tennessee Department of Corrections rather than the Federal Bureau of Prisons. [*Id.* at 2]. This letter did not request that his case be dismissed under the Speedy Trial Act, nor did it mention a speedy trial claim. Therefore, a claim under the Speedy Trial Act was waived and Mr. Smith may not bring it now.

However, it is important to note that Mr. Smith frames this complaint as an ineffective assistance of counsel claim, which can excuse his failure to bring this claim on appeal. Even approaching his claim from an ineffective assistance of counsel lens, he fails to show a deficiency in his representation. Mr. Smith alleges that his counsel's failure to get him to trial within 180 days renders his representation ineffective. He likely is referring to the Speedy Trial Act, which states:

> In any case in which a plea of guilty is not entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs.

18 U.S.C.A. § 3161(c)(1)

The requirement that a trial shall commence within seventy days of the filing of an information or indictment, or an initial appearance, is subject to excludable time. Under 18 U.S.C.A. § 3161(h), excludable time includes delays resulting from any proceeding, including any examinations, to determine the mental competency of the defendant, delays resulting from any pretrial motion from the filing of the motion through the conclusion of the hearing on or disposition of the motion, and delays reasonably attributed to any period, not to exceed thirty days, during which any proceeding concerning the defendant is actually under advisement by the Court.

Further, 18 U.S.C.A. § 3161(7)(A) excludes any period of delay resulting from a continuance

granted by any judge at the request of the defendant or his counsel if the judge granted such continuance on the basis of findings that the ends of justice served by taking such action outweigh the best interests of the public and the defendant in a speedy trial. These periods of delay are only excludable where the court sets forth in the record, either orally or in writing, its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and defendant in a speedy trial.

Here, Mr. Smith argues that his original defense counsel, Mr. Tim Moore, "continued to ask for continuances against defendant's objection", depriving him of a speedy trial. First, counsel does not need defendant's permission to manage scheduling matters. See *Gonzalez v. United States*, 553 U.S. 242, 249, 128 S.Ct. 1765, 170 L.Ed.2d 616 (2008). Further, each of these motions were heard by the Court and orders were entered that set forth the reasons for the continuances and the Court's opinion that each continuance outweighed the best interests of the public and defendant in a speedy trial. Therefore, time attributed to delays caused by the continuances was excluded from the seventy-day speedy trial clock.

Additionally, Mr. Smith moved for, and was granted, a psychiatric evaluation to determine whether he was competent to stand trial [2:19-CR-05, Doc. 15.] The delay attributed to this motion and the resulting evaluation was excluded from the speedy trial clock. Lastly, several pretrial motions, including motions to suppress and motions in limine, were filed, further tolling the speedy trial clock. Considering all excludable events, the Court finds that 49 non-excludable days elapsed between Mr. Smith's initial appearance and trial. Therefore, no speedy trial act violation occurred because defendant was brought to trial within 70 non-excludable days.

Finally, even if Mr. Smith had a viable claim under the Speedy Trial Act and he had not waived those by failing to bring a pretrial motion or address the issue on appeal, he has not attempted to show that counsel's "failure to get him to trial within 180 days" resulted in prejudice as required under *Strickland*. *Strickland*, 466 U.S. at 694. To show prejudice, Mr. Smith would need to show

that the outcome would have been different had the alleged violation not occurred. *Id*. This can be shown by identifying witnesses or evidence that could have been presented had his trial date been sooner. *Shakir v. United States*, No. 21-5180, 2021 WL 7210370. Mr. Smith has not even attempted to make that showing.

In sum, Mr. Smith has failed to show that counsel was deficient for not bringing him to trial within speedy trial parameters and that any prejudice occurred, and any speedy trial claim has been forfeited for failure to bring it in a pretrial motion or on appeal. Therefore, this claim of ineffective assistance of counsel fails and he is not entitled to § 2255 relief based on this claim.

*3. Ineffective Assistance – Waiver of Arraignment*

Mr. Smith's next argument in support of his claim of ineffective assistance of counsel is that counsel "did nothing" when Mr. Smith informed him that he did not sign a waiver of arraignment form waiving his right to be arraigned on the second superseding indictment. [Def. Mot., Doc. 1, at 7]. He contends that an investigation should have occurred to find out who "forged defendant's name". [*Id*.] This claim cannot be the basis for a claim of ineffective assistance of counsel as the lack of an arraignment does not deprive the defendant of any substantial constitutional right, and in any event, is meritless.

First, the "lack of a formal arraignment does not deprive an accused of any substantial right as long as he has sufficient notice of the accusation and adequate opportunity to defend himself." *United States v. Lalonde*, 509 F.3d 750, 758 (6th Cir. 2007) (quoting *Garland v. State of Washington*, 232 U.S. 642, 34 S. Ct. 456, 58 L. Ed. 772 (1914)). Here, Mr. Smith was arraigned on the first indictment against him on February 12, 2019. [2:19-CR-5, Minute Entry, Doc. 5]. A superseding indictment was filed, and Mr. Smith was arraigned on that indictment on November 5, 2019. [*Id*., Doc. 40]. A final, second superseding indictment was filed, which he was not arraigned on after a waiver of arraignment was obtained. Each of these indictments charged Mr. Smith with the same charges, on which he was arraigned twice. The second superseding indictment

included the same charges that he was already aware of but added Mr. Smith's known aliases and corrected the date on which the conduct underlying the charges had occurred. [*Id*., Doc. 109].

Mr. Smith cannot argue now that he did not have "sufficient notice of the accusation and adequate opportunity to defend himself", meaning he was not deprived of any substantial right and his attorney was not ineffective for not pursuing the issue of a "forged" signature on his waiver of arraignment form. Further, after review of transcripts from the ex parte hearing Mr. Smith references in his petition, it is evident that counsel discussed the second superseding indictment with Mr. Smith and that Mr. Smith had substantial notice of its contents. [Def. Mot., Doc. 1, at 7]. It is also apparent that Mr. Smith's claim that he did not sign a waiver of arraignment is without merit.

Because Mr. Smith cannot show that counsel's performance was deficient and does not attempt to show that prejudice occurred by not being arraigned on the second superseding indictment, this claim of ineffective assistance of counsel fails and he is not entitled to § 2255 relief on this claim.

*4. Ineffective Assistance – Writ of Certiorari*

Mr. Smith's final allegation in support of his claim of ineffective assistance of counsel is that counsel "stated by email that he would ask for a writ of certiorari with the Supreme Court which he never did." Even taken as true, this allegation cannot withstand a *Strickland* analysis.

"Where there is no constitutional right to counsel, there can be no deprivation of effective assistance." *Coleman v. Thompson*, 501 U.S. 722, 752, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991). It has been held that the constitutional right to counsel does not extend to discretionary matters, such as the filing of a writ of certiorari. *Harper v. United States*, 792 F. App'x 385 (6th Cir. 2019). Therefore, "'because defendants are not constitutionally entitled to the assistance of counsel in preparing petitions for certiorari', … failure to file a petition for certiorari cannot amount to constitutionally ineffective assistance of counsel, counsel's performance at this stage cannot be

constitutionally ineffective." *Id.*, quoting *Nichols v. United States*, 563 F.3d 240, 242 (6th Cir. 2009).

Counsel cannot be found ineffective for failure to file a petition for writ of certiorari where Mr. Smith was not entitled to counsel at that stage. Therefore, Mr. Smith has failed to show that counsel was ineffective in this regard, his claim of ineffective assistance fails, and he is not entitled to § 2255 relief on this claim.

**B. Prosecutorial Misconduct**

Mr. Smith's next argument is that Assistant United States Attorney, Mr. Todd Martin, committed prosecutorial misconduct. In support, Mr. Smith states that Mr. Martin "turned over to second set of attorneys a recorded conversation where I spoke ill of attorney," and that the "recording had noting to do with trial and simply a tactic of the prosecution to turn attorney against defendant which worked." [Def. Mot., Doc. 1, at 5]. Further, he states that Mr. Martin "further committed misconduct… when he stated to Judge Greer that defendant was identified by many witnesses as one leaving the scene of an accident with injury," and that this claim was not true. [*Id.*] Mr. Smith's claims of prosecutorial misconduct, however, are both meritless and procedurally defaulted.

Claims other than ineffective assistance of counsel are procedurally defaulted where a federal prisoner fails to bring those claims on direct appeal. *Bousley v. United States*, 523 U.S. 614, 621 (1998). Such claims may be considered only where a petitioner shows "cause and prejudice" or actual innocence. *Massaro v. United States*, 538 U.S. 500, 504, 123 S.Ct. 1690, 155 L.Ed.2d 714 (2003). In order to make that showing, a petitioner must show that "some objective factor external to the defense impeded counsel's efforts to comply with the state's procedural rule." *Murray v. Carrier*, 477 U.S. 478, 488, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986).

Mr. Smith's only excuse for not bringing these claims on direct appeal is once more that

defense counsel "did not speak with him" before filing an appeal. [Def. Mot., Doc. 1., at 6.] As previously discussed when addressing Mr. Smith's speedy trial complaint, this claim is meritless as the appeals process makes it inherent that counsel speak with defendant before filing an appeal. Mr. Smith has offered no evidence to support this bare claim, and the Court cannot reasonably find merit in this contention. Therefore, Mr. Smith's prosecutorial misconduct claims are procedurally defaulted and cannot be considered in his § 2255 petition.

### C. *Erlinger v. United States*

Next, Mr. Smith brings a claim in a supplement [Doc. 13] arguing that *Erlinger v. United States* applies to his case and his sentence should be reduced or vacated as a result. *Erlinger v. United States*, 602 U.S. 821, 144 S. Ct. 1840, 219 L. Ed. 2d 451 (2024).

In *Erlinger*, the Supreme Court found that under the Fifth and Sixth Amendments, defendants are entitled to have a jury unanimously determine beyond a reasonable doubt whether past offenses were committed on separate occasions for purposes of the Armed Career Criminal Act (ACCA). *Erlinger*, 602 U.S. 821. Mr. Smith was sentenced subject to an enhancement under the ACCA. [Presentence Investigation Report, Doc. 146, at 7.] However, because he was convicted and sentenced in 2021, before the Supreme Court's decision in *Erlinger*, a jury was not required to find beyond a reasonable doubt that his past offenses were committed on separate occasions.

It is true that if Mr. Smith were convicted and sentenced today, a jury would be required to find beyond a reasonable doubt that past offenses were committed on separate occasions for purposes of the ACCA. However, *Erlinger* is not retroactively applicable to cases on collateral review and cannot provide a basis for relief under § 2255. *Bonds v. United States*, No. 1:17-CR-108, 2025 WL 2166431 (E.D. Tenn. July 30, 2025). This Court has held the same in *Bawgus v. United States*. *Bawgus v. United States*, No. 2:22-CV-00132-JRG-CRW, 2024 WL 3837752 (E.D. Tenn. Aug. 15, 2024).

Because *Erlinger* is not retroactively applicable, it does not entitle Mr. Smith to § 2255 relief.

**D. Constitutionality of 18 U.S.C. § 922(g) and § 924(a) & (e)**

Mr. Smith's final argument in favor of his § 2255 petition is that the Supreme Court's decision in *New York State Rifle & Pistol Ass'n. Inc., v. Bruen* renders statutes that prohibit individuals convicted of a felony from possessing a firearm, including the statutes that Mr. Smith was convicted under, unconstitutional. *Bruen* clarified the constitutional analysis of firearm legislation, stating that the government must prove that Second Amendment regulations comport with "historical traditions of firearm regulation." 597 U.S. 1 at 13. Mr. Smith argues that the government cannot show that legislation prohibiting felons from possessing firearms comports with "historical traditions of firearm regulation." [Def. Mot., Doc. 1, at 17.]

However, this Court has addressed this very argument before. In *Meacham v. United States*, the Court found that *Bruen* did not render felon in possession laws unconstitutional and that the Sixth Circuit has found them "presumptively lawful". *Meacham v. United States*, No. 2:22-CV-00149-JRG, 2025 WL 778168 (E.D. Tenn. Mar. 11, 2025). The Court adopts that same reasoning here.

Because Mr. Smith cannot show that *Bruen* rendered his conviction unconstitutional, his claim fails, and he is not entitled to relief under § 2255 as a result.

## IV. CERTIFICATE OF APPEALABILITY

Lastly, the Court must determine whether to issue a certificate of appealability, which is necessary for Mr. Smith to appeal its ruling. 28 U.S.C. § 2253(a), (c)(1)(B). The Court may issue a certificate of appealability only when a petitioner has made a substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2). To make this showing, Mr. Smith must demonstrate

that reasonable jurists would find the Court's assessment of those claims "debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Court concludes that reasonable jurists would not find that its dismissal of Mr. Smith's claims is debatable or wrong. The Court therefore declines to issue a certificate of appealability to Mr. Smith.

## V. CONCLUSION

As the petitioner under § 2255, Mr. Smith fails to meet his burden of establishing that his conviction and sentence are in violation of the Constitution, or that a fundamental defect resulted in a complete miscarriage of justice or an egregious error. His Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct a Sentence by a Person in Federal Custody [Doc. 1] is therefore **DENIED**. The Court will enter an order consistent with this opinion.

So Ordered.

ENTER:

s/ J. RONNIE GREER
UNITED STATES DISTRICT JUDGE